IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| KELLEY RIEBOLD, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>FLEETPRIDE, INC., )<br>)<br>Defendant. ) | Case No. CIV-23-236-F |

## ORDER

Previously, defendant FleetPride Inc. (FleetPride) moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss two state law tort claims alleged by plaintiff Kelley Riebold (Riebold) in his petition[1] on the ground they are time-barred by the applicable statute of limitations.[2] Doc. no. 8. With his response, Riebold submitted materials outside the pleadings to support tolling arguments. Doc. no. 15. Because the court decided to consider Riebold's materials, the court entered an order converting FleetPride's motion to one for summary judgment under Rule 56, Fed. R. Civ. P., and granting the parties an opportunity to present any additional materials and argument pertinent to the Rule 56 motion. Doc. no. 17. Both parties submitted

---

[1] Plaintiff filed a petition against defendant in state court. Defendant timely removed the action to this court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1). Doc. no. 1.

[2] The two tort claims are (1) wrongful discharge under Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989); and (2) negligent infliction of emotional distress. In diversity actions, the federal court will apply applicable state statutes of limitations and any related tolling provisions. See, Futura Music, Inc. v. Gates Radio Co., 399 F.2d 308, 310 (10th Cir. 1968). The applicable statute of limitations for both tort claims is the two-year statute of limitations set forth in 12 O.S. § 95(A)(3). See, Dupree v. United Parcel Service, Inc., 956 F.2d 219, 221 (10th Cir. 1992) (wrongful discharge claim under Burk); Scott v. Coast Professional, Inc., No. CIV-19-00695-PRW, 2021 WL 3354454, at *2 (W.D. Okla. Aug. 2, 2021) (negligent infliction of emotional distress).

additional argument but no additional material. Doc. nos. 19 and 20. Having reviewed all submissions of the parties, the court makes its determination.

Wrongful Discharge – Burk Tort Claim

FleetPride is an independent distributor of heavy-duty truck and trailer parts. It has retail branch locations and service centers throughout the United States. At all times relevant to this motion, Riebold served as service manager in FleetPride's service center in Oklahoma City. Riebold's employment with FleetPride was terminated on or about April 24, 2020. Riebold filed suit against FleetPride on February 17, 2023. According to Riebold, FleetPride wrongfully discharged him in retaliation for his refusal to misappropriate trade secrets of a competitor, his refusal to fabricate wrongful conduct of a female employee, and because of his age. Riebold also alleges that FleetPride negligently inflicted emotional distress by discharging him for discriminatory or other improper means.

FleetPride argues that the wrongful discharge or Burk tort claim is time-barred under 12 O.S. § 95(A)(3), because Riebold filed his petition over two years after his termination. Plaintiff does not dispute that his petition was filed more than two years after his termination. Instead, he argues that the two-year limitations period was tolled upon his timely filing of an employment discrimination complaint with the Oklahoma Attorney General's Office of Civil Rights Enforcement (OCRE) on June 4, 2020. Riebold asserts that under Oklahoma law, he was required to exhaust his administrative remedies before pursuing his Burk tort claim in court. Because of the exhaustion requirement, Riebold contends that he was prevented from pursuing his Burk tort claim in court. Riebold states that due to the COVID-19 pandemic, the OCRE did not issue the Dismissal and Notice of Right to Sue with respect to his discrimination complaint until November 22, 2022, which he received three days later, on November 25, 2022. He states that he then filed his lawsuit

within the 90-day period specified by Oklahoma law and by the Dismissal and Notice of Right to Sue issued by the OCRE. With the tolling of the limitations period during the pendency of the administrative proceedings, Riebold argues that his Burk tort claim was timely filed.

Additionally, Riebold contends that the limitations period should be subject to equitable tolling because he was required to exhaust his administrative remedies and the OCRE took 904 days to complete its investigation due to the COVID-19 pandemic, which constituted an extraordinary circumstance out of his control. He also asserts that he was lulled into inaction by the OCRE because it affirmatively instructed him that he had to file a discrimination complaint with the agency before he could file a civil action. Further, he points out that his claims were tolled by emergency orders entered by the Oklahoma Supreme Court.

FleetPride responds that Riebold's tolling arguments fail because any delays by OCRE in investigating and determining his discrimination charge could have been easily remedied by plaintiff requesting the right-to-sue letter any time after December 1, 2020, as authorized by 25 O.S. § 1350(C), thus allowing Riebold to timely file his Burk tort claim before the limitations period expired on April 25, 2022. Given § 1350(C), FleetPride argues that Riebold was not prevented by the OCRE proceedings from timely filing his Burk tort claim. It also asserts that Riebold's lack of diligence in failing to request the OCRE to issue a right-to-sue letter after 180 days defeats any equitable tolling of the limitations period. Further, it asserts that under the relevant Oklahoma Supreme Court's emergency order, Riebold's claims were only tolled 21 days.

Upon review, the court concludes that summary judgment in FleetPride's favor is not appropriate. In Oklahoma, "[i]t is a well-settled rule of law that whenever a person is prevented from exercising his legal remedy by some paramount

3

authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right." McBee v. Shanahan Home Design, LLC, 499 P.3d 1, 8 (Okla. 2021) (quotation marks and citations omitted).  Oklahoma law requires exhaustion of administrative remedies as a jurisdictional prerequisite to the pursuit of a Burk tort claim in court.  *See*, Atkinson v. Halliburton Co., 905 P.2d 772, 774 (Okla. 1995).  Exhaustion of administrative remedies "aids in the administration of justice and prevents transfers to the courts of duties imposed by law on administrative agencies."  *Id*.  Because exhaustion of administrative remedies is jurisdictionally required before pursuing a Burk tort claim, the court concludes that the statute of limitations on Riebold's Burk tort claim was subject to tolling during the administrative proceedings.  *See*, McGee v. Kirby, 118 P.2d 199, 200 (Okla. 1941) (statute of limitations does not run while the assets of a state bank are in the possession of the Bank Commissioner); Don Huddleston Const. Co. v. United Bank and Trust Co. of Norman, Oklahoma, 933 P.2d 944, 947 (Okla. Civ. App. 1996) (statute of limitations tolled where other legal restraints precluded the filing of an action).

  The court recognizes, as FleetPride argues, that § 1350(C) authorizes a party to request a notice of right-to-sue letter from the OCRE if a charge of discrimination is not resolved to the satisfaction of the charging party within 180 days.  However, the statute, while mandating that the OCRE issue the notice of right-to-sue letter upon receipt of a request, does not specify a time period within which the OCRE must act.  And under the statute, a notice of right-to-sue letter "must be first obtained in order to commence a civil action."  25 O.S. § 1350(C).  Therefore, a plaintiff, even though requesting a right-to-sue letter, remains "prevented" from filing a civil action until the notice of right-to-sue letter is obtained from the OCRE.  And the time during which the plaintiff is prevented from exercising his legal remedy is not

to be counted against him. Here, there is nothing before the court to enable the court to determine when OCRE would have been required to issue, or would have issued, the notice of right-to-sue letter, if Riebold had requested one after 180 days from the date of filing his discrimination complaint. And the court is cognizant that 180 days after the filing of Riebold's discrimination complaint was still early in the COVID-19 pandemic.[3]

In the court's view, because § 1350(C) does not provide a bright-line rule for determining when Riebold would no longer be "prevented" from pursuing his legal remedies in court, the two-year limitations period for the Burk tort claim should be tolled until the administrative proceedings before the OCRE were concluded, *i.e.*, with Riebold obtaining the Dismissal and Notice of Right to Sue from the OCRE. Excluding the time between the filing of the discrimination complaint and obtaining the Dismissal and Notice of Right to Sue in determining the two-year limitations period, the court finds that Riebold's Burk tort claim was not untimely filed. Consequently, the court concludes that FleetPride is not entitled to summary judgment on its statute of limitations affirmative defense with respect to Riebold's Burk tort claim.

Negligent Infliction of Emotional Distress Claim

FleetPride additionally argues that Riebold's negligent infliction of emotional distress claim is time-barred under § 95(A)(3) because it is premised upon Riebold's termination, which undisputedly occurred more than two years before the filing of this lawsuit. Riebold counters that the limitations period for his tort claim was tolled by his pursuit of administrative remedies with respect to the Burk tort claim. Also,

---

[3] Further, the court notes that the record reveals that after Riebold filed his discrimination complaint, the parties entered into mediation agreements with the Office of the Oklahoma Attorney General to mediate the complaint. The mediation was placed on hold due to the COVID-19 pandemic. The OCRE did not proceed with investigation of the complaint until December 3, 2020.

Riebold argues that his negligent infliction of emotional distress claim did not accrue until his physical ailments caused by Riebold's conduct manifested, and asserts that those ailments did not manifest immediately upon termination of employment. Further, Riebold contends that the tort discovery rule[4] applies to his claim, and the timeliness of his claim, based on that rule, is a question for the jury.

Initially, the court rejects Riebold's argument that the two-year statute of limitations in § 95(A)(3) was tolled while he pursued the administrative remedies before the OCRE for the Burk tort claim.  *See*, Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 460 (1975) (administrative review of Title VII allegations does not toll time for filing claim under 42 U.S.C. § 1981); *see also*, Estes v. AlliedSignal, Inc., No. C-97-1810 MHP, C-97-3102 MHP, 1998 WL 814638, at *11 (N.D. Cal. Nov. 12, 1998) (time for filing intentional and negligent infliction of emotional distress claims not tolled during administrative proceedings for discrimination claims).  Nonetheless, the court concludes that summary judgment is not appropriate on the timeliness issue because there is no clear indication as to when the physical ailments Riebold allegedly suffered from emotional distress caused by FleetPride's alleged negligence occurred.

Under Oklahoma law, negligent infliction of emotional distress "is not an independent tort, but is in effect the tort of negligence." Ridings v. Maze, 414 P.3d 835, 837 (Okla. 2018).  "Before emotional distress damages can be awarded, a plaintiff must establish:  a duty on the part of the defendant to protect the plaintiff from injury, a failure of the defendant to perform that duty, and an injury to the plaintiff resulting from the failure." *Id*.  Oklahoma permits recovery of damages for

---

[4] The tort discovery rule "allows limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury.  Woods v. Prestwick House, Inc., 247 P.3d 1183, 1189 (Okla. 2011).

mental anguish only if they are "'produced by, connected with or the result of physical suffering or injury to the person enduring the mental anguish.'" Wilson v. Muckala, 303 F.3d 1207, 1213 (10th Cir. 2002) (quoting Ellington v. Coca Cola Bottling Co. of Tulsa, 717 P.2d 109, 111 (Okla. 1986)).  This means that "[u]pon proper proof, the [p]laintiff may recover for mental anguish where it is caused by physical suffering and may also recover for mental anguish which inflicts physical suffering." Id.  Thus, Oklahoma law obligates a plaintiff to provide proof of some physical injury, whether incurred contemporaneously with his emotional injury, or whether as a direct consequence of his emotional injury.  Wilson, 303 F.3d at 1213.

In addition, "[a] cause of action for an injury based on negligence must be brought within two years of the accrual of the cause of action." Samuel Roberts Noble Foundation, Inc. v. Vick, 840 P.2d 619, 624 (Okla. 1992).  A cause of action accrues when a litigant can first maintain the action to a successful conclusion. *See*, Morgan v. State Farm Mutual Automobile Insurance Company, 488 P.3d 743, 746 (Okla. 2021).  Under Oklahoma law, "[a] tort is not complete until there is injury." *Id*. at 747.

Here, the court concludes that Riebold's claim for negligent infliction of emotional distress would not accrue until he experienced physical suffering or physical injury.  Although there is no dispute Riebold's termination occurred on April 24, 2020, the record does not reveal when Riebold's physical suffering or physical injury occurred.  The court therefore cannot say as a matter of law–*on the present record*–that Riebold's negligent infliction of emotional distress claim is time-barred under § 95(A)(3).  Consequently, the court finds that FleetPride is not entitled to summary judgment on its statute of limitations affirmative defense with respect to the negligent infliction of emotional distress claim.  The court is careful to note that this issue may take on an entirely different coloration at a later stage.

Conclusion

Accordingly, for the stated reasons, Defendant's Partial Motion to Dismiss for Failure to State a Claim (doc. no. 8), converted into a motion for summary judgment under Rule 56, Fed. R. Civ. P., is **DENIED**.

DATED this 1st day of June, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0236p003 rev_.docx