IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLEY RIEBOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-23-236-F |
| -vs- | ) |
| | ) |
| FLEETPRIDE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is Defendant's Motion for Sanctions for Failing to Obey Discovery Orders, doc. no. 41, filed on June 21, 2024. Plaintiff, Kelley Riebold (who has entered an appearance *pro se*) has not responded to the motion. (His response was due not later than July 12, 2024.) The motion is accordingly deemed confessed to the extent set forth in this order. In addition, on independent review, the court concludes that the motion is meritorious to the extent set forth in this order.

The relevant procedural history is accurately summarized in the motion. Notably, that procedural history reflects more than one instance in which the court has gone the extra mile to save plaintiff from the consequences of his inaction or untimely compliance with deadlines set by the court or by the rules governing this case.

The discovery requests at issue were served on November 29, 2023. A status and scheduling conference was held on April 2, 2024. Plaintiff personally participated in the conference. At the conference, the court was informed that plaintiff had not responded to the discovery requests. Accordingly, the court ordered that "Plaintiff shall respond to the pending discovery requests not later than April 19, 2024." Doc. no. 40, p. 3. Plaintiff still has not responded to the discovery requests.

The court has carefully considered and agrees with defendant's analysis of the controlling factors set forth in the Tenth Circuit's decision in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  Plaintiff's failure to respond to the discovery requests is obviously prejudicial to defendant's ability to defend against plaintiff's claims. Plaintiff's culpability is apparent, in that he was specifically ordered to respond during a conference with the court in which plaintiff personally participated.  No warning of possible dismissal was provided by the court, but the court, having personally and directly addressed the matter with Mr. Riebold on April 2, 2024, has no doubt that he was amply apprised of the importance of his compliance with his discovery obligations. A lesser sanction would not be efficacious, because the court has already tried that. Ordering plaintiff to comply did no good.  A preclusive sanction (i.e., Rule 37 relief short of dismissal) would be nothing more than a waypoint on the path to dismissal or summary judgment in favor of defendant.

Accordingly, in independent review, the court concludes that the motion should be granted to the extent that this action will be dismissed in a judgment to be entered on this date.

The court declines, at least at this time, to award attorney's fees.  If plaintiff runs up defendant's bill with any unjustified protraction of the proceedings, the issue of attorneys' fees will be fair game for another look.[1]

DATED this 25th day of July, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0236p009.docx

---

[1] That said, the court would likely be skeptical of a $5,194 fee request for a 10-page motion. Doc. no. 41-3.  Just under ten hours for a routine motion like this one might make sense for a third-year associate (at a rate far less than the $530 per hour claimed here), but seems high for a seasoned partner.